IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICIO LOTERO CANO,<br>*Petitioner,* | :<br>:<br>: |
| v. | : CIVIL NO. 26-1140 |
| JAMAL L. JAMISON et al.,<br>*Respondents.* | :<br>:<br>:<br>: |

Scott, J.                                                                                                              **March 3, 2026**

## MEMORANDUM

Petitioner Mauricio Lotero Cano filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release, or in the alternative, a bonding hearing. ECF No. 3 [hereinafter Pet.]. Petitioner alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Administrative Procedure Act and his Due Process rights. Pet. ¶¶ 47-60.

Petitioner is a noncitizen from Colombia. Pet. ¶ 1. He entered the United States on November 5, 2024 and was paroled. *Id.* ICE detained Petitioner on February 19, 2026 in front of his house. *Id.* ¶ 29. He is now held in the Federal Detention Center in Philadelphia. *Id.*

The Government has described Petitioner's situation as an "Arriving Alien" case, where "individuals who presented at a port of entry without valid entry documents, were paroled into the country under 8 U.S.C. 1182(d)(5)(A), and, after a passage of time, recently detained under 8 U.S.C. § 1225(b)(2)(A)." ECF No. 6 at 2, 4 [hereinafter Government's Resp.]. Notwithstanding the specific factual context of an individual's entry into the United States and subsequent detention under 8 U.S.C. § 1225(b)(2)(A), the issue here is one of statutory interpretation. Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which states that "in the case of an alien who is an

1

applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."

For the reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Petitioner's detention violates the Immigration and Nationality Act ("INA"). 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *see also Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *see also Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *see also Piurbeev v. Rose, et al.*, No. 26-cv-0910 (E.D. Pa. Feb. 23, 2026) (a grant of discretionary parole makes it so that a petitioner is no longer "seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A)).

This Court therefore grants Petitioner's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the INA. Moreover, ICE is enjoined from detaining Petitioner under 8 U.S.C. § 1226(a) for seven days following his release. Petitioner also requests attorneys' fees and costs under the Equal Access to Justice Act. The Government has not briefed this issue in its response, and the Court will grant Petitioner's request for attorneys' fees if the Government does not respond within the timeline set out in the accompanying order.